**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 7 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
~~LITTLE ROCK~~ CENTRAL DIVISION

| | |
|---|---|
| SCOTT KINCAID,<br>Plaintiff,<br><br>v.<br><br>SALINE COUNTY RECOVERY, LLC | Case No.: 4:20-cv-136-KGB |

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-101, et seq., ("AFDCPA") by SALINE COUNTY RECOVERY, LLC ("Defendant").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiff and Defendant both reside in this State and this District.

## PARTIES

5. Plaintiff is an adult individual residing in Cabot, Arkansas.

6. Defendant is an Arkansas corporation operating from Benton, Arkansas.

7. Defendant can be served via its registered agent, Terra Morris, at 4113 Alcoa Rd., Benton, AR 72015 or in accordance with Arkansas law.

This case assigned to District Judge Baker
and to Magistrate Judge Ray

1

## **FACTUAL ALLEGATIONS**

8. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, the Account is believed to have been an account resulting from dental services Plaintiff received. The credit was not used for any business or commercial purposes.

9. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

11. Defendant holds a license as a collection agency and attempted to collect an alleged consumer debt from Plaintiff as described below.

12. The Better Business Bureau ("BBB") lists this company as a collection agency and the complaints made to the BBB indicate that Defendant is exclusively involved in collecting past due accounts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

15. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

16. During the one year prior to the date of the filing of this Complaint, Defendant mailed a collection letter to Plaintiff's place of employment.
17. When the letter was received by the mail intake employee at Plaintiff's place of employment, it was opened in the normal course of her business practice.
18. Upon opening the letter, that employee learned of the debt allegedly owed by Plaintiff after reading the letter.
19. Defendant did not have the consent of Plaintiff to communicate about the debt to any third parties.
20. Defendant's purpose for all of the communications with Plaintiff described above and all others was to attempt to collect the Account.
21. On several occasions in the weeks immediately preceding the receipt of the above referenced letter at Plaintiff's place of employment, Defendant called Plaintiff's place of employment attempting to reach Plaintiff and when the receptionist at Plaintiff's place of employment asked who was calling, the Defendant told the receptionist "SCR Services."
22. The receptionist was told "SCR Services" despite the fact that the receptionist never expressly requested the name of the callers employer.
23. During the one year prior to the date of the filing of this Complaint, Defendant called Plaintiff on the telephone multiple times.
24. Also, Defendant used the name "SCR Services" or "SCR" in all of its communications with Plaintiff.
25. "SCR Services" or "SCR" was not and is not the name of Defendant.

26. "SCR Services" and "SCR" was not and, as of the filing of this complaint, is not a registered fictitious business name or DBA for Defendant.

27. In all telephone calls with Plaintiff, Defendant failed to provide meaningful disclosure of its identity.

28. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant made telephone call(s) to Plaintiff or mailed letters to Plaintiff was to attempt to collect the Account.

29. The telephone calls and letters each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

30. All of the conduct by Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

## **RESPONDEAT SUPERIOR**

31. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agent(s) of Defendant at all times mentioned herein.

32. The representative(s) and/or collector(s) at Defendant were acting within the course and/or scope of their employment at all times mentioned herein.

33. The representative(s) and/or collector(s) at Defendant were under the direct supervision and/or control of Defendant at all times mentioned herein.

34. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY SALINE COUNTY RECOVERY, LLC

35. The previous paragraphs are incorporated into this Count as if set forth in full.

36. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692b(1) and § 1692c(b) and§ 1692d(6) § 1692e(14).

37. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant.

### COUNT II:  VIOLATIONS OF THE ARKANSAS CODE ANNOTATED
### BY SALINE COUNTY RECOVERY, LLC

38. The previous paragraphs are incorporated into this Count as if set forth in full.

39. The act(s) and omission(s) of Defendant and its respective representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-503(1) and § 17-24-504(b) and § 17-24-505(b)(6) and § 17-24-506(b)(14).

40. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Defendant.

### JURY TRIAL DEMAND

41. Plaintiff is entitled to and hereby demand a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

42. Judgment in favor of Plaintiff and against Saline County Recovery, LLC as follows:

   a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   b. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

c. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

d. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A); and

e. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, AR Bar No. 2006164
11610 Pleasant Ridge Rd.
Suite 103-PMB 208
Little Rock, AR 72227
Telephone: (682) 651-7599
Facsimile: (888) 598-9022
jeff@jeffwoodlaw.com
ATTORNEYS FOR PLAINTIFF